UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 17-43474

SHARRIE ANN SHIVERS,                            Chapter 13

                    Debtor.                      Judge Thomas J. Tucker
_____/

**ORDER STRIKING THE PURPORTED DEBTOR'S**
**CLAIM OBJECTIONS (DOCKET ## 34, 35)**

This case is before the Court on two objections to claim that were purportedly filed by the Debtor on January 22, 2018: (1) the Debtor's purported objection to the proof of claim of Navient Solutions, Inc. on behalf of Michigan Finance Authority (Claim No. 1) (Docket # 34); and (2) the Debtor's purported objection to the proof of claim of Navient Solutions, Inc. on behalf of the Department of Education (Claim No. 7) (Docket # 35) (collectively the "Claim Objections").

The Claim Objections must be stricken because the Claim Objections were not in fact filed by the Debtor, and they do not show that they were filed by or on behalf of anyone with standing to file them. As the Claim Objections themselves show, the Debtor died on December 28, 2017, twenty-five days before the Claim Objections were filed on January 22, 2018, so the Debtor's attorney of record had no authority to file the Claim Objections on behalf of Debtor.

Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may appear on behalf of the interests of the deceased Debtor in this case. *See generally* Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death"); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio*, 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor.")

Accordingly,

IT IS ORDERED that the Claim Objections (Docket ## 34, 35), are stricken.

**Signed on January 23, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**